# IN THE COURT OF APPEALS OF IOWA

No. 18-1865
Filed February 20, 2019

**IN THE INTEREST OF U.W.,**
**Minor Child,**

**D.W., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Mahaska County, Rose Anne Mefford, District Associate Judge.

A father appeals from the termination of his parental rights. **AFFIRMED.**

Sarah Wenke, Ottumwa, for appellant father.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Misty White, Sigourney, attorney and guardian ad litem for minor child.

Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**POTTERFIELD, Presiding Judge.**

A father appeals the termination of his parental rights to his child, U.W., pursuant to Iowa Code section 232.116(1)(f) and (*l*) (2018). He challenges the juvenile court's findings that the child could not be returned to him at present or within a reasonable extension of time and that termination of his parental rights is in the child's best interests.

We review termination proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

The child, born in 2012, has been in parentless limbo since his removal from his mother's care and custody on March 23, 2017.[1] Moreover, U.W. had been the subject of two prior child-in-need-of-assistance (CINA) proceedings[2] and has a desperate need for stability and certainty, experiencing severe anxiety over inconsistency in his life. The child is bonded and doing well with his foster family— the family has indicated their ability and desire to provide a permanent home for U.W. and his half-sibling, who is also in their care.

The father resided in Illinois at the time U.W. was removed from his mother's custody. At the March 28, 2017 CINA adjudication hearing, he expressed the desire to have the child placed with him. The adjudication order required all parents to undergo a substance-abuse evaluation. The department of human services (DHS) began the process to conduct a home study to determine whether the father would be an appropriate placement for U.W. The father sent back

---

[1] The child was removed from the mother's custody due to her long-term substance-abuse issues. The mother's rights were also terminated. She does not appeal.

[2] During a 2014 CINA proceeding, the child was placed in his father's care for a time. However, the child subsequently tested positive for cocaine, benzoylecgonine, and THC and was removed from the father.

necessary paperwork in April. Then, in July 2017, the father moved to Iowa. The father's residence was checked on August 30, 2017, and was found to be suitable. He was asked to complete a substance-abuse evaluation in August[3] and October of 2017 and again in January of 2018.

The father completed his substance-abuse evaluation in February 2018. He attended and completed outpatient substance-abuse treatment. On April 30, the father informed the DHS social worker that he would test positive for marijuana because he had recently used at a party. He was reminded of the importance of refraining from drug use. In June, the father's provider for substance-abuse treatment reported to DHS the father was actively participating in programming. Consistency with visits and phone calls between the father and child remained the focus of concern of the father's parenting.

The father was allowed overnight visits with the child beginning June 24, 2018. He was living with his girlfriend and their child at the time. When the girlfriend gave birth to a second of the father's children, the child tested positive for illegal substances. Visits returned to fully supervised when the father indicated that the girlfriend was providing care for his children and he could not control what she did while he was at work. Also in June, the father attended a therapy session with U.W. The therapist reported concern to DHS workers because the father had told the child that the father had completed all he needed to do and now the child had to display good behaviors so he could return to his father's care. In a subsequent session, the child repeatedly commented he had been good and did

---

[3] The father admitted using marijuana but stated he would quit if he was able to gain custody of U.W.

not understand why his father was not at the session. The therapist recommend the next visit between father and child be in a therapeutic setting.

In July, the father was discharged as successful by his substance-abuse treatment provider. On July 13, DHS asked that the father provide a hair sample for drug analysis. The father refused to do so. He stated he was no longer residing with his girlfriend but refused to give DHS the address where he was residing. At the time of the August 8 termination hearing, the father expressed frustration with DHS "because I went to the classes and do all of the extra stuff and take a UA and you all still don't believe when I'm saying it's because of what [my girlfriend] did. You all put it on me like I'm the one who could control a grown person."

Upon our de novo review, we find clear and convincing evidence supports termination of the father's parental rights under section 232.116(1)(f). There is no question this six-year-old child has been adjudicated a child in need of assistance (CINA), has been out of parental custody for at least the last twelve consecutive months, and cannot be returned to his father's care at present. At the time of the termination trial, the father stated he was staying with his sister and her family but was working toward getting his own residence and adequate transportation. He had not seen the child for several weeks. He acknowledged inconsistency in visiting U.W., stating:

> I mean, once me and [my girlfriend] broke up, yes. That was my car and my transportation. Everything got harder. It's been really rough for me. I can't say that it hasn't been.
> It's not saying that I don't care. It's just that right now a lot of things have been a lot—just crazy with what's going on. I've just got to get myself back on track and focus on what I need to get myself to do to establish better things in case something like this happened again, I can be prepared.

We agree with the child's guardian ad litem, the State, and the juvenile court that the father has not placed his child's needs before his own. While the father no doubt loves his child, he has not demonstrated a full understanding of the child's special needs and behaviors. The father has been inconsistent in his participation with services, including visitations and phone calls with U.W., and he fails to understand or appreciate the child's mental-health and behavioral concerns. Because grounds for termination exist and the termination of the father's parental rights will best provide the child with the required stability and security, we affirm the termination of the father's parental rights.

**AFFIRMED.**